**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-50708
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS JOSE SANCHEZ-ARZAGA,

Defendant-Appellant.

- - - - - - - - - - - - -- - - - - - - - - -- - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-343-1-H
- - - - - - - - - - - - - - - - - - - - -- - - - - - - - -
November 8, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Jesus Jose Sanchez-Arzaga appeals his sentence following his guilty-plea conviction for illegal reentry into the United States following deportation. He challenges the district court's application of a 16-level increase to his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A). As he did in district court, he argues on appeal that his previous conviction for driving while under the influence is not an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(A) because such conviction is not a "crime of violence," as defined in 18 U.S.C. § 16(b). This court recently upheld an identical argument in United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir.), rehearing and rehearing en banc

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied, 262 F.3d 479 (5th Cir. 2001).  Accordingly, Sanchez-Arzaga's sentence is VACATED, and this case is REMANDED to the district court for reconsideration in light of Chapa-Garza.

Sanchez-Arzaga also argues that the district court erred by increasing his sentence based on his prior aggravated felony conviction because the fact of that conviction was not alleged in his indictment.  Sanchez-Arzaga's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and is moot in light of the resolution of his previous argument.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.